865 F.2d 1267
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William T. BLACK; Mary A. Davis, et al., Plaintiffs-Appellees,
v.
The ARMSTRONG RUBBER COMPANY; John Woods; David Lichtle;
Ben Marberry, Defendants-Appellants.
 No. 88-5387.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1989.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Armstrong Rubber Company and three of its officers and supervisors appeal the district court's judgment for three employees in their employment discrimination action. We affirm the district court's finding that all three plaintiff employees were the victims of intentional racial discrimination, but we reverse the district court's award of damages as to two of the plaintiffs.
 
 
 2
 Plaintiff employees William Black, Mary Davis and Joyce Watkins brought suit against Armstrong and several of its employees (including John Woods, David Lichtle and Ben Marberry) pursuant to 42 U.S.C. Sec. 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, for alleged racial discrimination. Black based his claim of racial discrimination on: (1) his suspension from work for three days pending an investigation of an allegedly unsubstantiated accusation of sabotage of mill equipment, and (2) his receipt of several allegedly undeserved write-ups and reprimands from his supervisor, John Woods. Davis claimed that Armstrong refused to place her on light duty following a back injury suffered in the course of her employment, even though Armstrong had allegedly never denied placement on light duty to a white employee with medical restrictions. Watkins claimed that, following an arm injury, she was not given light duty but was improperly assigned to onerous duties (including vacuuming chemicals to which she was allergic), and was, moreover, the target of verbal and physical racial abuse by her supervisor and other employees.
 
 
 3
 Following a nonjury trial, the district court issued a memorandum opinion and order in February 1988, finding that Black, Davis and Watkins were victims of acts of intentional racial discrimination by Armstrong, Woods, Lichtle and Marberry. The district court awarded Black $469.36 in back pay and $15,000 in compensatory damages for emotional pain and anguish. Davis was awarded $24,000 in back pay and $10,000 in compensatory damages for emotional pain and anguish. Watkins was awarded $20,000 in compensatory damages for emotional pain and anguish and $10,000 in punitive damages.
 
 
 4
 On appeal, the defendants argue that the district court's finding that they intentionally discriminated against the plaintiffs is clearly erroneous and that the district court also erred in its award of damages to the plaintiffs. After reviewing the record, we feel that the district court's finding of intentional racial discrimination against the plaintiffs cannot be regarded as clearly erroneous. Although much of the evidence concerning the alleged discrimination against the plaintiffs was disputed, the district court credited the evidence presented by the plaintiffs and their witnesses, and, where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Anderson v. Bessemer City, 470 U.S. 564 (1985). In addition, because much of the evidence supporting the plaintiffs' claim of discriminatory conduct by the defendants consisted of the testimony of various witnesses, the district court's findings based on its evaluation of the credibility and demeanor of these witnesses must be given considerable deference by a reviewing court. Anderson, 470 U.S. at 573-74. For these reasons, we affirm the district court's finding of discrimination against Black, Davis and Watkins.
 
 
 5
 Similarly, the damage awards by a trial court without a jury are findings of fact and must stand unless they are clearly erroneous. This Circuit has also stated, however, that the district court must make subsidiary findings to indicate the measure of damages used and to identify the considerations which led to the award. Thompson v. National R.R. Passenger Corp., 621 F.2d 814, 823 (6th Cir.1980). Moreover, a damage award cannot be based on mere speculation, guess or conjecture. John E. Green Plumbing & Heating v. Turner Construction Co., 742 F.2d 965, 968 (6th Cir.1984). After reviewing the record and the district court's opinion in the light of the above-described standards, we conclude that the awards of damages to Davis and Watkins cannot stand.
 
 
 6
 Davis was awarded $10,000 in compensatory damages for emotional pain and anguish and $24,000 in back pay. The district court, however, failed to support its award of compensatory damages by citing any evidence that Davis did, in actuality, suffer emotional pain and anguish or any other injury from Armstrong's failure to provide her with light duty. Consequently, the $10,000 compensatory damage award seems entirely speculative and must be reversed. The district court's award to Davis of $24,000 in back pay is also clearly erroneous because (as the arbitrator of her union grievance had previously found) Davis failed to use reasonable care and diligence in seeking other suitable employment, as required by statute and by case law. See 42 U.S.C. Sec. 2000e-5(g); Rasimas v. Michigan Dept. of Mental Health, 714 F.2d 614, 623-24 (6th Cir.1983). Davis did testify that she had telephoned several businesses in an effort to obtain alternative employment, but, even if her testimony is credited, she could apparently not identify by name a single employer that she had contacted about employment. Because of the complete absence of any specific evidence that Davis had attempted to find suitable alternative employment, the district court's award of $24,000 in back pay must be reversed.
 
 
 7
 Watkins was awarded $20,000 in compensatory damages for emotional pain and anguish and $10,000 in punitive damages. Because the district court again failed to cite any evidence showing that Watkins did suffer emotional pain and anguish or any other injury as a result of the defendants' discriminatory conduct, the $20,000 compensatory damage award must be reversed as speculative. The district court's award of $10,000 punitive damages must also be reversed. Plaintiffs who prove a cause of action under Sec. 1981 may recover punitive damages only where the defendant's conduct is shown to be motivated by evil intent or motive, or when it involves reckless or callous indifference to the federally protected rights of others. Beauford v. Sisters of Mercy-Province of Detroit, 816 F.2d 1104, 1108-1109 (6th Cir.1987). See also Smith v. Wade, 461 U.S. 30 (1983). Because the district court made insufficient findings to identify the considerations (such as the evil intent or motive of the defendants or the reckless indifference of the defendants to the rights of the plaintiffs) leading to its award of punitive damages, the $10,000 award must be reversed.
 
 
 8
 Contrarily, we uphold the award of damages to Black because the $15,000 compensatory damage award to him for emotional pain and anguish is supported by the district court's findings of fact. Specifically, the district court found that racially-motivated allegations against Black aggravated his nerves and his asthma condition to the extent that he was hospitalized. Because the district court made specific findings of fact pertaining to the injuries suffered by Black, the award of compensatory damages to Black is sufficiently nonspeculative to be affirmed. The award to Black of $469.36 for back pay is also affirmed.
 
 
 9
 In sum, the district court's finding of intentional racial discrimination against Black, Davis and Watkins is affirmed. The awards of back pay and compensatory damages to Black are additionally affirmed. The awards of compensatory damages and back pay to Davis and the awards of compensatory and punitive damages to Watkins are reversed because the failure of the district court to support these awards with sufficient findings makes them entirely speculative.
 
 
 10
 The case is remanded to the district court for such further proceedings as are necessary to conform the damage awards to specific findings of fact, as made either in this record or as the record may be supplemented at a future hearing.
 
 
 11
 NATHANIEL R. JONES, concurring in part and dissenting in part.
 
 
 12
 I agree with the majority's affirmance of the district court's finding of discrimination and also agree with the majority's decision to uphold Black's damages award. However, because I disagree with the majority's reversal of the district court's damages awards to Davis and Watkins, I respectfully dissent from that portion of the majority opinion.
 
 
 13
 My disagreement begins with the majority's suggestion that plaintiffs who have suffered emotional anguish as the result of a defendant's proven discrimination must also show that they have suffered some physical injury before damages for emotional pain and suffering may be awarded. See ante at 4 ("the district court found that racially-motivated allegations against Black aggravated his nerves and his asthma condition to the extent that he was hospitalized.") Although Davis and Watkins were not hospitalized as a result of the defendants' actions, the district court's award of damages to them is reasonable given the nature of defendants' conduct in this case and the likely emotional impact of that conduct. Because the district court ordered compensatory damages for emotional distress and because the record amply supports the district court's finding that Davis and Watkins suffered emotional injuries, I would affirm the district court's award of compensatory damages to these plaintiffs for emotional pain and suffering. For similar reasons, I would also affirm the district court's award of punitive damages to Watkins. Since subjecting a person to the type of verbal and physical racial abuse which was involved in this case evidences proof of evil intent and a reckless and callous indifference to the federally protected rights of others, the district court did not fail to "identify the considerations" supporting its punitive damages award. Those considerations are evident based on the record and fully support the district court's punitive damages award to Watkins.
 
 
 14
 Because I do not believe that the district court erred in awarding damages to Davis and Watkins, I respectfully dissent from the majority's reversal of these damages awards.